[Cite as *State v. Gordon*, 2015-Ohio-4871.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-690 |
| v. | : | (C.P.C. No. 97CR-5183) |
| Larry Gordon, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 24, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farbacher*, for appellee.

*Larry Gordon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Larry Gordon, appeals from a judgment of the Franklin County Court of Common Pleas, rendered on June 16, 2015, entitled "Journal Entry Denying Motion to Correct – Void Sentence," that he filed May 15, 2015 concerning a sentence imposed by the trial court January 15, 1998. We affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 18, 1997, Gordon was indicted for one count of murder with a gun specification, two counts of attempted murder with gun specifications, and one count of possessing a weapon while under disability. Following a trial on January 13, 1998, a jury found Gordon guilty of the murder of Kenneth Roscoe with a firearm specification, guilty of the attempted murder of Tony Forest with a specification, and not guilty of the

attempted murder of Dwight Williams.  Two days later, on January 15, 1998, the trial court found Gordon guilty of possessing a weapon while under disability based on the jury verdict and evidence at trial.

{¶ 3}  Immediately after finding Gordon guilty of the weapon under disability offense, the trial court proceeded to sentencing.  The trial court sentenced Gordon to 15 years to life for the murder of Roscoe, 7 years to life for the attempted murder of Forest, 12 months on the weapons under disability count, and an additional 3 years for use of a firearm in the murder and attempted murder.  The trial court ordered Gordon to serve the murder and attempted murder sentences consecutive to one another and consecutive to a single firearm specification but concurrently with the weapons under disability conviction for a total prison term of 25 years to life.  The trial court issued a judgment entry memorializing the January 15, 1998 sentence on January 21, 1998.

{¶ 4}  Gordon appealed, and we affirmed in part and reversed in part. *State v. Gordon*, 10th Dist. No. 98AP-491 (Jan. 12, 1999).  We affirmed "[t]he judgment of the Franklin County Court of Common Pleas imposing the consecutive sentences for murder and attempted murder," but we reversed the guilty finding and sentence on the weapons under disability offense because the record did not establish that Gordon had waived his right to a jury on that offense. *Id.*  Gordon also unsuccessfully attempted to obtain postconviction relief in 2008 based on an affidavit from the alleged third victim, Williams, to the effect that Gordon was not the shooter.  The trial court denied this relief on August 31, 2011.  Gordon did not appeal this judgment.

{¶ 5}  On May 15, 2015, Gordon filed a motion to correct his sentence now under review wherein he argued that his convictions and sentences for murder and attempted murder are void.  The trial court summarily denied the motion on June 16, 2015.  Gordon now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}  Gordon asserts a single assignment of error in concept but phrases it differently each time asserted in his brief:

> ASSIGNMENT OF ERROR NUMBER ONE
>
> THE TRIAL ERRED WHEN IT FAILED TO MAKE REQUISITE FINDINGS TO SUPPORT CONSECUTIVE SENTENCES UNDER R.C. 2929.14(E) AND ALSO FAILING

> TO CORRECTLY FIND DEFENDANT-APPELLANT GUILTY OF INVOLUNTARY MANSLAUGHTER AS THE EVIDENCE IN THIS CASE CLEARLY SUPPORTS, AS THESE ERRORS VIOLATED HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTION.
>
> ASSIGNMENT OF ERROR ONE
>
> THE TRIAL FAILED TO CORRECT APPELLANTS VOID SENTENCE AS IT VIOLATES HIS EIGHT AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTION.

(Sic passim.) The body of Gordon's brief sets forth none of the arguments addressed in his first recitation of his first assignment of error; thus, we address only the second recitation of his assignment of error. *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5 (noting that we are under no obligation to address assignments of error that are not argued).

## III. DISCUSSION

{¶ 7} Gordon's argument, presented pro se, appears to be that it was error for the jury to be instructed and to find (and for him to be sentenced by the trial court) for the offense of murder with a firearm specification. He refers to elements under R.C. 2903.01 (the statute for aggravated murder), arguing that the trial court was required to instruct the jury at his trial that it must find prior calculation and design under R.C. 2903.01(A) or one of the conditions of R.C. 2903.01(B) to have occurred, for him to be found guilty of committing murder with a firearm specification. Gordon claims, noting that he has served nearly 20 years, that the jury lost its way, that his sentence and convictions are void, and that he must be ordered released.

{¶ 8} Upon a review of the record, Gordon was not charged with or indicted for aggravated murder under R.C. 2903.01. He was indicted for and ultimately convicted of murder under R.C. 2903.02, and attempted murder under R.C. 2923.02 as it relates to R.C. 2903.02, with gun specifications in accordance with R.C. 2941.145. Nothing he raised before the trial court in his motion filed May 15, 2015, or in his brief on appeal, suggests that his convictions or sentence are void or defective.

## IV. CONCLUSION

{¶ 9}   We overrule Gordon's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————